Case 5:21-cv-00046 Document 19 Filed on 11/18/22 in TXSD Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
November 18, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ALFONSO SALINAS, #42571-179, | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 5:21-CV-46 |
| SENIOR WARDEN ALEMAN, *et al.*, | § § § | |
| Defendants. | § | |

### SECOND AMENDED REPORT AND RECOMMENDATION

Before the Court is *pro se* Plaintiff Alfonso Salinas' (Inmate No. 42571-179) Complaint, (Dkt. No. 1). He has been granted leave to proceed *in forma pauperis*. (Dkt. No. 7). The Undersigned's prior Amended Report and Recommendation entered on August 29, 2022, (Dkt. No. 17), is hereby **WITHDRAWN**. Pursuant to U.S.C. § 636(b)(3), the Undersigned now submits this Second Amended Report and Recommendation.[1]

Based on Plaintiff's complaint, (Dkt. No. 1), including all attachments, (Dkt. No. 1-1 and 4), more definite statement, (Dkt. No. 14), and applicable law, this Court **RECOMMENDS** that Plaintiff's claims against Warden Aleman, Licensed Vocational Nurses ("LVNs") Lopez and Montes, and grievance officer Magana be **DISMISSED**, as Plaintiff has not alleged facts stating a claim upon which relief may be granted. 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(ii).

**I. Background**

In this action, *pro se* Plaintiff brings claims involving the conditions of his confinement at the Rio Grande Processing Center ("RGPC") for damages. (*See generally* Dkt. Nos. 1 at 3; 1-1; 4; and 14). He first brings claims against Warden Aleman related to the facility's response to the spread of COVID-19, including how often testing, quarantining, and distributing masks and hand-sanitizer was carried out in the incarcerated population at RGPC. (Dkt. Nos. 1 at 4; 1-1 at 1; 14 at 3, 5–6). Although Plaintiff characterizes these

---

[1] This Court clarifies for Plaintiff that this Second Amended Report and Recommendation supersedes and replaces the prior Report and Recommendation, (Dkt. No. 15), and Amended Report and Recommendation, (Dkt. No. 17), which have been withdrawn and have no force and effect.

claims as an intentional denial of medical treatment constituting cruel and unusual punishment, given the substance of these claims, the Court construes them as a failure of RGPC to follow guidelines published by the Center for Disease Control and Prevention ("CDC") as well as a failure to use best practices for controlling the spread of the COVID-19. Next, Plaintiff brings claims against LVNs Lopez and Montes alleging that they intentionally denied Plaintiff medical treatment in July of 2020, constituting cruel and unusual punishment. (Dkt. No. 1-1 at 14, 18). Finally, Plaintiff brings claims against grievance officer Magana for violation of his due process rights by intentionally denying his grievance forms in order to cover up wrongdoing by the facility and staff. (Dkt. Nos. 1 at 3; 14 at 8).

## II. Legal Standard

### a. Screening under § 1915A and § 1915(e)(2)(B)

In federal court, a plaintiff may proceed *in forma pauperis* ("IFP") pursuant to Section 1915. 28 U.S.C. § 1915(a)(1). However, the Court must first screen the IFP plaintiff's complaint. *See* 28 U.S.C. § 1915(e)(2); *Bower v. Executive Surf CLUB*, Civ. No. 2:15-CV-524, 2016 WL 393734, at *1 (S.D. Tex. Feb. 2, 2016). Section 1915(e)(2)(B) applies to both prisoner and non-prisoner plaintiffs. *See James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) (per curiam) (citation omitted); *Newsome v. E.E.O.C.*, 301 F.3d 227, 231–33 (5th Cir. 2002). A *pro se* litigant's filings must be "liberally construed." *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019). Nevertheless, the Court "need not act as a clairvoyant, trying to read the tea leaves of a *pro se* [filing] to determine what the movant actually seeks." *Weeks v. City of Lake Norden*, 1:20-CV-01029, 2021 WL 4523682, at *2 (D.S.D. Oct. 1, 2021) (quoting *In re Heyl*, 609 B.R. 194, 202 (B.A.P. 8th Cir. 2019)). A *pro se* litigant must still present a legally cognizable claim and "[comply] with relevant rules of procedural and substantive law." *Birl v. Estelle*, 660 F.3d 592, 593 (5th Cir. 1981).

The Court must dismiss an IFP plaintiff's complaint *sua sponte* if it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *Nietzke v. Williams*, 490 U.S. 319, 324 (1989) (noting that 1915(e) "is designed to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits[.]").

### b. *Bivens* Action

A claim against federal officials for constitutional violations may be brought under

*Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* is "an implied damages remedy under the Constitution itself" and stands in contrast to 42 U.S.C. § 1983, which creates a cause of action for constitutional violations against a person acting under color of state law. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017). The Fifth Circuit has recognized that a *Bivens* claim is essentially "limited to the circumstances of the Supreme Court's trilogy of cases: (1) manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment, *see Bivens*, 403 U.S. at 389–90; (2) discrimination on the basis of sex by a congressman against a staff person in violation of the Fifth Amendment, *see Davis v. Passman*, 442 U.S. 228 (1979); and (3) failure to provide medical attention to an asthmatic prisoner in federal custody in violation of the Eighth Amendment, *see Carlson v. Green*, 446 U.S. 14 (1980)." *Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020). The Supreme Court has "cautioned against extending *Bivens* to new contexts," *Byrd v. Lamb*, 990 F.3d 879, 881 (2021) (citing *Hernandez v. Mesa*, 140 S. Ct. 735 (2020)), and warned that "extending *Bivens* to new contexts is a 'disfavored' judicial activity. *Byrd*, 990 F3.d at 881 (quoting *Abbasi*, 137 S. Ct. at 1857).

Thus, the Supreme Court has laid out a two-part test to determine whether Bivens should be extended. *Byrd* at 881. First, the court must consider "whether the case before it presents a "new context,'" or in other words is "different in a meaningful way from previous *Bivens* cases." *Id.* at 881–82 (citations omitted). If indeed the claim arises in a new context, then the court should determine "whether there are any special factors that counsel hesitation about granting the extension." *Id.* (citing *Hernandez*, 140 S. Ct. at 743). The Supreme Court has recently cautioned that a court is not to "[apply] the special-factors analysis at too granular a level," *Egbert v. Boule*, 142 S. Ct. 1793, 1806 (2022), but rather "must ask more broadly if there is *any* reason to think that judicial intrusion into a given field might be harmful or inappropriate." *Id.* at 1805 (emphasis added).

**III. Discussion**

Plaintiff brings claims for monetary relief against employees at RGPC. The Court takes judicial notice that RGPC is a privately operated federal prison facility, operated by The GEO Group, Inc.[2] *See* FED. R. EVID. 201(c)(1). As to Plaintiff's claims against Warden Aleman regarding his response to the spread of COVID-19, the Court finds that they present

---

[2] https://www.geogroup.com/FacilityDetail/FacilityID/76.

a new *Bivens* context and will recommend that they be dismissed. Plaintiff's Eighth Amendment claims against LVNs Lopez and Montes allege an intentional denial of medical care during July of 2020, which does not constitute a new *Bivens* context when asserted against *government* employees. The Court will recommend, however, that the claims be dismissed in this case because they were brought against private employees of a privately operated federal prison. Finally, the claims against grievance officer Magana for denial of Plaintiff's grievance complaints present a new *Bivens* context, and the Court will therefore recommend that they be dismissed as well. The Court will analyze each of Plaintiff's claims in turn.

### a. COVID-19 Conditions of Confinement Claims Against Warden Aleman

Plaintiff brings claims against Warden Aleman for intentional failure to respond to and address the outbreak of COVID-19 at the RGPC facility in accordance with CDC guidelines, constituting what he believes is cruel and unusual punishment. (Dkt. Nos. 1 at 3; 14 at 6). The time period covered by the claims is from March of 2020 until Plaintiff was transferred to Webb County Jail on March 22, 2021. (Dkt. No. 14 at 1, 6). Specifically, Plaintiff alleges that on July 10, 2020, a fellow incarcerated person in his housing unit tested positive for COVID-19. (Dkt. Nos. 1 at 4; 14 at 3). The first infection, Plaintiff alleges, caused a chain reaction of infections within Plaintiff's housing unit because Warden Aleman failed to abide by health department and CDC guidelines. (Dkt. Nos. 1 at 4; 14 at 3). In short, Plaintiff alleges that Warden Aleman failed to take steps to prevent the spread of COVID-19. (Dkt. No. 1 at 4).

As noted *supra*, the Supreme Court has only allowed *Bivens* claims to proceed in three contexts. "Virtually everything else is a new context." *Oliva*, 973 F.3d 442. Under the first step of the Court's analysis, the Court finds that Plaintiff's claims against Warden Aleman fall outside the three contexts previously recognized by the Supreme Court under *Bivens*.

Although Plaintiff's claims regarding the failure to protect against COVID-19 generally fall under the Eighth Amendment,[3] they are distinguishable from the *Bivens* context that *Carlson* stands for. Plaintiff's claims instead relate to the general procedures

---

[3] The Supreme Court has held that prison officials "must provide humane conditions of confinement" with due regard for the health and safety of those incarcerated. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

RGPC did or did not use to contain the spread of COVID-19. For example, Plaintiff points to several failures with regard to RGPC's COVID-19 response, such as failing to test other incarcerated people, perform contact tracing, isolate those testing positive, and quarantine those having close contact with an infected person for a sufficient period of time. (Dkt. Nos. 1 at 4; 1-1 at 1; 14 at 3, 5–6). Plaintiff also alleges that RGPC personnel failed to wear masks and/or gloves to help prevent the spread of COVID-19. (Dkt. No. 14 at 6). Generally, Plaintiff asserts that RGPC did not follow health department and CDC guidelines. (Dkt. Nos. 1 at 4; 14 at 3). However, Plaintiff acknowledges that he was tested for COVID-19, was isolated for 14 days upon testing positive, and was treated with steroids and antibiotics. (Dkt. No. 14 at 3). The RGPC also provided masks after the first incarcerated person tested positive in Plaintiff's housing unit, began to use disinfectant after October of 2020, and provided hand sanitizer toward the end of 2020. (*Id.* at 5). Generally, courts have held that *Bivens* will not be extended to non-medical care conditions of confinement claims. *See Stone v. Wilson*, No. 4:20-cv- 406-O, 2021 WL 2936055, at *6 (N.D. Tex. July 13, 2021). Therefore, the Court finds that under the first step of the analysis, Plaintiff's COVID-19 related claims asserted against Warden Aleman represent a new context for a *Bivens* claim.

As to Plaintiff's *Bivens* claims against Warden Aleman, the Court must proceed to the second step of the analysis and consider whether special factors counsel the Court against extending *Bivens* to these new claims without express congressional approval. *Mesa*, 140 S. Ct. at 743 (citing *Abbasi*, 137 S. Ct. at 1857). The Court finds that special factors counsel against extending *Bivens* to expand the Judiciary's involvement in the tasks of prison administration in the face of COVID-19. The Supreme Court has recognized that the particulars of prison administration are a task committed to the responsibility of the Legislative and Executive branches. *Turner v. Safley*, 482 U.S. 78, 85 (1987); *see Rodriguez v. Easter*, No. 3:20-CV-1872, 2022 WL 356478, at *7 (D. Conn. Feb. 7, 2022).

For these reasons, the Court finds that Plaintiff's claims against Warden Aleman cannot proceed under *Bivens*. Accordingly, the Court **RECOMMENDS** that the District Court **DISMISS** those claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### b. Claims of Failure to Provide Adequate Medical Care Against LVNs Lopez and Montes

Plaintiff next asserts that he was denied adequate medical treatment for a period of up to a week in July of 2020, and that this denial was a constitutional violation. (Dkt. No. 1-

1 at 14, 18). The Supreme Court has recognized that a showing of deliberate indifference to a serious medical need, in the form of an intentional denial, delay, or interference with treatment, constitutes a violation of the Eighth Amendment's prohibition on cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). Moreover, the Court has implied a cause of action under *Bivens* for failure to provide medical attention to a person in federal custody in violation of the Eighth Amendment. *Carlson*, 446 U.S. 14. However, *Carlson* "was a case in which a federal prisoner sought damages from personnel employed by the *government*, not personnel employed by a *private* firm." *Minneci v. Pollard*, 565 U.S. 118, 126 (2012). "[T]hat fact—of employment status—makes a critical difference." *Id.*

As previously noted, LVNs Lopez and Montes are private employees of a federal prison facility, but one privately operated by The Geo Group, Inc. "Privately-operated detention center employees can act under the color of . . . federal law when in contract with the federal government." *Walters v. Lasalle Corr.*, No. EP:22-CV-00035-KC-ATB, 2022 WL 2240467, at *5 (W.D. Tex. June 21, 2022). However, such private employees cannot be held liable under *Bivens* when there is already an adequate alternative remedy available under state tort law. *Minneci*, 565 U.S. at 125–26; *Rroku v. Cole*, 726 Fed. Appx. 201, 206 (5th Cir. 2018); *Walters*, 2022 WL 2240467, at *7. The Supreme Court has stated that the denial of adequate medical treatment is the sort of "conduct that typically falls within the scope of traditional state tort law" and that, "in the case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable of protecting the constitutional interests at stake.'" *Minneci*, 565 U.S. at 125. This has specifically been found to be true of employees of privately operated federal prisons in Texas. *Id.* at 128–29; *Rroku*, 726 Fed. App'x at 206; *Walters*, 2022 WL 2240467, at *10.

In short—and as the Supreme Court summarized under similar circumstances— "where, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law." *Minneci*, 565 U.S. at 131. Accordingly, Plaintiff's remedy, *vel non*, lies in Texas tort law, not in a cause of action brought under *Bivens*.

Therefore, this Court **RECOMMENDS** that the District Court **DISMISS** Plaintiff's claims against LVNs Lopez and Montes, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### c. Claims of Denial of Grievance Forms Against Grievance Officer Magana

Finally, Plaintiff brings claims against grievance officer Magana for violation of his right to due process by intentionally denying his grievance forms. (Dkt. No. 1 at 3). Plaintiff writes that Magana "denied all of [his] grievance complaints against [the] Administration and Medical Department," "knowingly [covered] up all civil, human, prisoners['], and constitutional rights violated by Administration, Administration committee, and all medical [personnel] of RGPC Department," and "[intentionally denied] . . . all complaints." (Dkt. No. 14 at 8). Plaintiff does not specify whether he asserts a due process claim under the Fifth or Fourteenth Amendment, but in either case it must be dismissed.

"The Supreme Court has never recognized a *Bivens* claim under the Fourteenth Amendment." *Rowland v. Sw. Corr., LLC*, No. 4:20-CV-00847-ALM-CAN, 2021 WL 4206409, at *11 (E.D. Tex. Aug. 17, 2021), *report and recommendation adopted*, No. 4:20-CV-847, 2021 WL 4191433 (E.D. Tex. Sept. 15, 2021) (citing *Forrester v. Fed. Bureau of Prisons*, No. EP:18-CV-00261-KC-RFC, 2019 WL 2501924, at *6 (W.D. Tex. June 17, 2019)). But the Supreme Court has held that a *Bivens* claim can be maintained for a violation of a person's due process rights under the Fifth Amendment. *Davis*, 442 U.S. at 243–44. The context of the Fifth Amendment claim in *Davis*, however, was starkly different from the context at hand. In *Davis*, a congressional staffer sought backpay after being terminated on the basis of her sex. *Id.* at 230–31. Here, by contrast, a prisoner in a privately operated federal prison alleges that a grievance officer denied him due process by intentionally denying his grievance forms as part of an attempt to cover up evidence of abuses occurring within the prison. Thus, whether they are asserted under the Fifth or the Fourteenth Amendment, Plaintiff's claims against Magana would require an extension of *Bivens* into a new context. *Oliva*, 973 F.3d at 442 ("[E]ven a modest extension of the *Bivens* trilogy is still an extension . . . . even if a plaintiff asserts a violation of the same clause of the same amendment *in the same way*.").

Because Plaintiff's claims against Magana present a new *Bivens* context, the Court must recommend that they be dismissed if there are any special factors "indicat[ing] that the Judiciary is *at least arguably* less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Egbert*, 142 S. Ct. at 1798 (emphasis

added). Once again, the Court cannot recommend extending *Bivens* in such a way as to expand the Judiciary's involvement in the task of prison administration: a task squarely committed to the responsibility of the Legislative and Executive branches. *Turner*, 482 U.S. at 85; *Rodriguez*, 2022 WL 356478, at *7. "At bottom, creating a cause of action is a legislative endeavor," and before taking on such a heady assignment, a court must evaluate "a range of policy considerations . . . . includ[ing] economic and governmental concerns, administrative costs, and the impact on governmental operations systemwide." *Egbert*, 142 S. Ct. at 1802. As the Supreme Court has made painstakingly clear, "Congress is far more competent than the Judiciary to weigh such policy considerations." *Id.* at 1803. That is certainly true here. Accordingly, the Court recommends that this task—weighing the costs and benefits of allowing federal prisoners to seek monetary damages from grievance officers who deny their grievance complaints—be left to Congress.

Because Plaintiff's claims against Officer Magana present a new *Bivens* context, and because the comparative competence, *vel non*, of the respective branches of government counsel against expanding the Judiciary's involvement in prison administration, the Court **RECOMMENDS** that the District Court **DISMISS** Plaintiff's claims against grievance officer Magana pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## V. Conclusion

For the reasons set forth above, this Court **RECOMMENDS** that the District Court **ORDER** that the pleadings have been screened as required by 28 U.S.C. §§ 1915A, 1915(e)(2)(B). This Court further **RECOMMENDS** that the District Court **DISMISS** Plaintiff's claims against Warden Aleman, LVNs Lopez and Montes, and grievance officer Magana because Plaintiff has not alleged facts stating any claims upon which relief may be granted. §§ 1915A(b)(1), 1915(e)(2)(B)(ii).

The Clerk is hereby **DIRECTED** to send copies of this Second Amended Report and Recommendation and the docket sheet to Plaintiff at his last address on file via the United States Postal Service, return receipt requested.

## VI. Notice of Right to Object

Within 14 days after being served with a copy of this Report and Recommendation, the parties may file written objections to the findings and recommendations proposed above. 28 U.S.C. § 636(b)(1). The District Judge will review de novo those portions of the report or specified proposed findings or recommendations to which the party objects. The District

Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by this Court, and may also receive further evidence or recommit the matter to this Court with instructions. *Id.* The District Court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If a party does not object within 14 days, the party forfeits its right to District Court review. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from de novo review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

**SIGNED** on November 18, 2022.

John A. Kazen
United States Magistrate Judge